Today is Riley v. Warden Dorothy. Mr. Hoff. Thank you, Your Honors. Counsel, Douglas Hoff, Office of the State Appellate Defender for the Appellant Eugene Riley. As Justice Scalia said in Gowdin, this should be a simple case. And the simplest thing about this particular case is that it doesn't matter at all that the state of Illinois has refused to call the independent felonious purpose an element of felony murder. From the beginning, from Morgan through Pelt and Davis, and Davis and the Illinois Supreme Court has always treated this as a question of fact that the state had to prove in order to convict somebody of felony murder. They had to prove that the predicate felony for felony murder had an independent felonious purpose from the homicide. And they did it for a very explicit reason. They did not want felony murder to subsume the other two types of first-degree murder, intentional murder and knowing murder. Essentially, they didn't want the state to be relieved of the burden of ever proving an intentional murder by basically charging murder as felony murder based on the aggravated discharge of a firearm, for example. Every shooting could be felony murder based on shooting somebody with a handgun. Counsel, didn't we already hold in Evans v. Dorothy that independent felonious intent, the question of whether it was independent and it was a question of law that the judge could decide? And Evans was wrongly decided. It is a question of fact. The state courts have always treated it as a question of fact. The thing that they have refused to do is require that it be proven to the jury beyond a reasonable doubt. If it was a question of law, then the judge could decide it. There are questions of law, like whether a particular crime is a lesser-included offense of another crime. That's a question of law. They look at the elements of the, compare the elements of the two crimes. Here, they've always closely examined the facts to determine if the state has actually proved this particular fact. Well, sure. So in this case, the jury needed to decide whether the state had proved the mob action offense. That's clearly a question for the jury. Yes. The question of sufficient difference, however, whether there's an independence, whether this is a different question, right? Well, it is predicated on the evidence. So it is an evidence, it's a question of whether the state had shown by sufficient evidence that the predicate felony was independent of the homicide. Since it is based on the evidence and it is needed to convict a defendant of felony murder, it's an element for the jury to decide, just like they decide whether or not mob action was proved, or they decide whether the person died in the course of the predicate felony. What should a jury instruction look like? Do we have experience with that in Illinois courts? Evans, the trial counsel in Evans had actually submitted some proposed jury instruction predicated on the language from this Illinois Supreme Court cases. And basically, you were required to find that the predicate felony mob action had a purpose independent from the homicide and was separate and independent. I'm looking at that language and I'm trying to imagine how I, as a juror, would deal with that question. It sort of has a feel more like a double jeopardy kind of question. It does kind of, it has that feel to it. Which would be a judge call, right? Double jeopardy would be a judicial call, but double jeopardy is about whether you can convict somebody of two offenses rather than one. And this is about whether you can convict somebody of this one offense. I'm not sure that really helps a whole lot. But I guess, I think I see your point on the have trouble seeing how we get to that since we have to pierce, as I understand it, both the failure to raise this issue in the trial court and you seem to be saying it was ineffective assistance of counsel to fail to raise an issue that the Illinois courts at least have never recognized. Well, the lower court here found that it had been decided by the state courts on the merits. So it had been fairly presented and hadn't been decided based simply on forfeiture so that we have made it past that procedural hurdle. And as far as ineffective assistance of counsel goes, we've cited a number of cases in our brief that point out the fact that competent counsel doesn't sit on his or her hands waiting for a case on all fours. This trial was tried well after the Morgan, Pelt, and Davis cases, so they established this as a fact. No court had actually required this to be proven to the jury yet, that's true, but somebody has to be first. Somebody has to be first, but you're saying that the failure to raise this fell below minimum standards of competence and that's a very tough argument. Well, counsel is required to bring his or her expertise to bear on behalf of their client and here we have the intersection of a couple of things. We had the Pelt and Davis cases clearly establishing this as a factual question and then we had Apprendi and Gowden and the federal line saying that fact questions necessary for conviction had to be proven to the jury. So no, there wasn't a case on all fours just to be served up on a platter for counsel here, but I think Strickland, even the low bar set by Strickland, expects more than that. The Evans attorneys figured this out and had proposed a couple of instructions, so this is not something I think that would be beyond the canon of counsel here. Having one set of attorneys, have any Illinois courts given such instructions? No, no they haven't. I think they get a lot of head shakes, or it's been tried on a couple of subsequent cases and they get head shakes and refusals, but here, just as the Illinois Supreme Court was trying to protect defendants from being convicted of intentional murders without the state having to prove intentional murder, defense counsel had the obligation to protect his client's rights the same way. I see I'm running into my rebuttal time, so I will yield and come back. You're welcome to do that. Thank you Mr. Hoff. For the state, Ms. Payne. Good morning, your honors. May it please the court, counsel, Assistant Attorney General Lindsay Payne on behalf of Respondent Worden. As this court held in Evans, the touchstone for determining whether a fact must be determined by a jury, must be found by a jury beyond a reasonable doubt, is whether the fact constitutes an element or ingredient of the offense, and Illinois courts have repeatedly held that the fact is not an element of felony murder in Illinois. Right. The Supreme Court, though, has told us that labels don't necessarily control this. So, can independent felonious purpose be decided by considering only the elements of the relevant offenses that are charged? Well, this goes to something that my opponent said. I would absolutely disagree with him that this must be determined after the trial, because in Morgan... Well, can you decide it by looking at the elements and jury instructions? In some cases, yes, but there may be situations where one cannot. For example, the cases where the Illinois Supreme Court has held that the state may not charge a murder as felony murder have been Morgan and Pelt, where it was predicated upon aggravated battery or aggravated discharge of a firearm. In essence, a one-on-one attack, right? Yes, but the court has left open the possibility that aggravated battery could serve as a predicate for felony murder if the aggravated battery was directed at one person and the death of another person. So, in that situation, a basic outline of what is alleged to have happened may be necessary to determine whether the counts merge. Okay. The trouble that I'm having here is that we seem to be getting from the Illinois Courts a fact-based limit on prosecution that the Illinois Courts are saying is neither an affirmative defense nor an element of the offense, and I don't see a lot of room for that odd category in the Supreme Court's Sixth Amendment jurisprudence, like Apprendi and Gowden. Well, the court in Morgan, for example, in People v. Morgan, the Illinois Supreme Court recognized that the claim that the defendant brought there was, I moved to dismiss this claim before trial, and the court should have granted that. And the Illinois Supreme Court said, yes, this should have been dismissed before trial. Was Morgan a one-on-one? Yes, it was. And we don't know how many times felony murder charges are dismissed prior to trial based upon this rule, because that's not something that would end up in a published opinion. But the fact that the court, after a trial has taken place, does look at the facts, doesn't mean that this is not a legal rule. The court could be saying, not only were the charges as brought in this case improper, but given the facts, there's no way that the indictment could have been proper. There's nothing they could have put in the indictment that would have made it proper. Help me fit that concept into the Supreme Court's Sixth Amendment jurisprudence. Well, we have the cases that Petitioner relies upon, Gauden, Sullivan, and Winship, were all very different. They merely hold that elements of offenses that are going to raise the punishment or are an actual element of the crime, must be put to the jury and proven beyond a reasonable doubt. What we have here is felony murder has certain enumerated elements that are set forth in statute. And we have a new, what looks like a new, judge-based element from Morgan, namely independent felonious purpose. So if that's not an independent element, what is it? Don't give me a name, give me a category. It is a limit on prosecutorial discretion. It is the Illinois Supreme Court saying, notwithstanding the fact that some crimes fit the very definition of felony murder in Illinois, we are going to tell the prosecution that they may not charge it that way. They must charge it as first-degree intentional or knowing murder because our big concern, and this is something I agree with my opponent on here, our big concern is misuse of felony murder by the prosecution because... Right. So where, I'll ask one more time, where in the Supreme Court's Sixth Amendment jurisprudence do we find room for this judge-based, fact-based limit on prosecutorial discretion? Probably nowhere in the sense that this is different enough from Godden, Sullivan, Winship, Apprendi, that it doesn't fit there. And we don't have a U.S. Supreme Court case that addresses this scenario. And in the absence of a U.S. Supreme Court case addressing this scenario, the state courts are free to craft rules like this. Well, they're not free to simply relabel elements as something that's not an element in order to avoid the Sixth Amendment, right? Certainly. But this is different from Apprendi. And it's analogous, I would submit, to Illinois' one act, one crime rule, which holds that charges merge if the actus reus of one crime is inherent to the actus reus of the other. And that is not put to a jury. That is a legal rule that is decided by the court. And it has been challenged in this court. And this court has upheld that practice, because there is no U.S. Supreme Court case that states cannot do that. Do you think it would be impossible to craft a jury instruction? I mean, tell me what the jury instruction might look like. Or is it the state's position that it's just not susceptible to submission to the jury? It is our position that it is not susceptible. And Petitioner has pointed to some states that have created elements to felony murder that they put to the jury, but they don't fit with this doctrine. There are cases that say you have to find an additional act. But that's not what Illinois' rule says, because we know that you actually don't need a finding of multiple acts. For example, the felony murder statute expressly recognizes that arson can be the predicate for felony murder. So if an individual throws some incendiary into a building believing that it's unoccupied, but someone is in there and dies, that's felony murder in Illinois. But there's a single act. This isn't a fact-based, can we find a specific fact that was another act question. This is, do we believe that prosecutors have the discretion? Well, I understand how you're categorizing it. And I understand your argument that it's a legal question for a judge. My question is, would a jury be incapable of making this determination? Yes, because it's a legal question of misuse of felony murder under Illinois common law. And there's simply not a fact that we could instruct the jury to find that would answer this question. And that is what this court held in Evans. And because it is a legal question, and Evans was correctly decided, this court requires a compelling reason to overturn circuit precedent. There's been no change in the law since Evans that would justify departing from stare decisis here. And so, if there's no further questions, we would ask that the court... I'll try once more. Sure. Suppose it's a direct appeal. Suppose the Supreme Court grants cert in a direct appeal from the Illinois Supreme Court on this issue. What do you tell the Supreme Court about this question under the Sixth Amendment? The same that we are saying here, that this is not an element of the fence, and I don't mean that in a semantic way. This is not a fact for the jury to find. This is the Illinois Supreme Court saying, maybe this is felony murder, but we are carving out a category of offenses that are felony murder, but we are going to require the state to charge them as knowing or intentional first-degree murder. Thank you very much, counsel. Any rebuttal, Mr. Hoff? Just a few things. From the beginning, this doctrine developed in the Illinois Supreme Court has, in fact, been less than a model of clarity. There has been a concurring justice in, I believe, Davis and Davison, who pointed out that they are not sending a very direct message to the lower courts about independent felonious purpose, which is inherent in the homicide, but it is nonetheless a fact question that must be proven in order to convict somebody of felony murder. And the question of whether felony murder is being abused is, of course, the policy behind it. It's not the fact determination made at a trial. They look at the facts proven by the evidence, and it's not some kind of subjective motivation by prosecutors. And this could be decided by jurors. Basically, independent felonious purpose is what we used to call a mens rea for the crime. Okay, so you're a trial judge. You give the jury the language from the Evans proposal, and you get a note back from the jury saying, What does this mean? What would you tell them? Well, that would be puzzling. You would say you have the instructions and you're to continue to deliberate. That's not an answer. I know. It's not an answer. It would be that you would have to determine that the purpose of the felony here, the mob action, was independent of the homicide, that there was a purpose here other than the death of the victim charged in the felony murder, and that it was somehow independent of the homicide. That might be repeating the language of the instruction itself. Sounds a lot like it. But there are other states that we did point out in our brief that submit similar ideas to the jurors, and there's model jury instructions in, I believe, Massachusetts for this sort of thing. The other question is that we talked about the procedural posture of some of the Illinois Supreme Court cases. One of the ones I wanted to point out because it wasn't very emphasized in the brief is Davison from 2010 was an appeal from a motion for a directed verdict. So it was very explicitly at trial based on the evidence. I have one question before you go, and that is as far as, there were a number of people involved in this mob, or whatever you want to call it. Did anyone else go to trial or were they all others pleaded guilty? There were a couple others that proceeded to trial. Did they encounter this same question? I am, to be frank, I am not sure whether or not this was raised by counsel for the other defendants or not. There's nothing I've seen to show that it was. Okay. Thanks. Thank you very much, Mr. Hoff. The case will be taken under advisement.